UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ROGELIO HEADLEY,

                              :

               Plaintiff,                           06 CV 6331 (PAC)(KNF)

                              :

              -against-                         ORDER

                              :

BRIAN FISHER, Superintendent of Sing Sing
Correctional Facility, Correction Officers SIMPSON,  :
B. ELLIS, R. BETHEA, T. RIZZUTO, K. HARRIS,
R. REYES, K. BARRETT,                     :

                  Defendants.           :
------------------------------------------------------------------x

HONORABLE PAUL A. CROTTY, United States District Judge:

Pro se Plaintiff Rogelio Headley ("Headley"), an inmate formerly housed at New York's

Sing Sing Correctional Facility ("Sing Sing"), seeks $5,000,000 in damages against eight

Defendants: Brian Fisher ("Fisher"), Superintendent of Sing Sing, and Correction Officers

Simpson ("Simpson"), B. Ellis ("Ellis"), R. Bethea ("Bethea"), T. Rizzuto ("Rizzuto"), K. Harris

("Harris"), R. Reyes ("Reyes"), and K. Barrett ("Barrett"), alleging multiple violations of his

constitutional and statutory civil rights under 42 U.S.C. § 1983, including his Eighth and

Fourteenth Amendment rights as well as allegations of conspiracy and retaliation.

Defendants filed motions to dismiss on February 5, 2007 and December 6, 2007, pursuant

to Federal Rules of Civil Procedure 12(b)(1) (failure to exhaust administrative remedies) and

12(b)(6) (failure to state a claim for which relief can be granted).[1] Headley opposed both

motions to dismiss the Complaint. Magistrate Judge Kevin Nathaniel Fox issued his Report and

---

[1] The February motion also sought dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5), based on
Headley's failure to serve Defendants Simpson and Rizzuto. Headley subsequently served those two Defendants,
thereby mooting the Rule 12(b)(5) motion.

Recommendation ("R&R") on February 26, 2008, and Headley filed timely objections to the R&R. Defendants filed no objections.

## FACTUAL BACKGROUND[2]

During 2004 and 2005, while Headley was housed at Sing Sing in Ossining, New York, he filed of a series of grievance reports about the facility and against certain Correction Officers ("C.O.s"), seven of whom were named as Defendants in a Complaint filed on August 21, 2006. The following are the chief factual points alleged in Headley's Complaint:

(1) The water at Sing Sing was black and undrinkable, exposing Headley to Hepatitis A. Additionally, the ventilation system was not functional and the exhaust fans were inoperable. Headley filed multiple grievances on this matter in 2004 and 2005, but the facility maintained that the water was clean.

(2) On April 21, 2004, C.O. Barrett prepared a misbehavior report charging Headley with leaving the mess hall without permission. At the relevant hearing, Headley explained that he had permission to leave the mess hall and that he had the requisite escort. The charges against him were subsequently dropped, but not before Headley served twelve days in "keep-lock" confinement.[3]

(3) On April 29, 2004, C.O. Simpson refused, without explanation, to let Headley use the bathhouse. After a nearby sergeant directed Headley to follow Simpson's orders, Headley claims that Simpson grabbed him, cursed at him, spit in his face, and slapped his face twice. Simpson then pushed Headley into his cell, where Headley received a blow

---

[2] Unless otherwise noted, the facts are drawn from Headley's Complaint dated August 21, 2006 and from the R&R issued by Magistrate Judge Fox.

[3] As explained in the R&R, "keep-lock" is a disciplinary confinement "in which the prisoner is confined to his own cell and is deprived of almost all contact with the rest of the prison population and participation in the normal routine of the institution." McKinnon v. Patterson, 568 F.2d 930, 936 (2d Cir. 1977), see N.Y. Comp. Codes R. & Regs. tit.7, § 301.6.

to his lower hips and back when he hit the side of a locker located in the cell. Simpson threatened Headley and then placed him in keep-lock for sixteen days, where Headley did not receive meals, a shower, or recreation.

(4) On or about May 21, 2004, eighty-eight photographs were taken from Headley during a family visit, and C.O. Ellis and C.O. Bethea strip-searched him and made offensive comments. Ellis slapped Headley in the face and threatened that "something bad" was going to happen if he continued to submit written complaints about Simpson. (Complaint ("Compl.") at 5[4]). For months following that incident, Ellis and Bethea harassed him— pushing and shoving him, searching his cell without producing a search slip, and taking items from his cell after stopping and searching him unjustifiably.

(5) On or about June 21, 2004, on his way to speak with Correction Lieutenant Siger about the incident with Simpson, C.O. Harris searched Headley roughly. Headley reported this incident to Siger (not named as a defendant in the Complaint) but no action was taken.

(6) On August 8, 2004, C.O. Rizzuto issued a misbehavior report on Headley for failing to report to work. Based on this report, Headley was placed in keep-lock for six days. The report was ultimately dismissed following a disciplinary hearing where Headley called witnesses who testified that Headley was not in fact scheduled to work on that day.

(7) Finally, on December 14, 2004, C.O. Reyes searched Headley and confiscated an envelope given to Headley by another inmate. Headley was placed in keep-lock and charged with smuggling and unauthorized exchange. Headley claims that a hearing officer convinced him to plead guilty to those charges.

---

[4] The pagination in Headley's Complaint does not follow standard numerical order—it begins with pre-printed pages on which he lists the Defendants in the case and continues on with typed pages prepared by Headley on which numbers repeat and/or are missing. For the purposes of this order, the Complaint will be treated as fifteen pages in length, with page numbers beginning on the cover page (page 1) and continuing in numerical order to the signature page (page 15).

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The Complaint purports to be a factual narrative that does not clearly identify

constitutional or statutory rights or legitimate legal bases for challenging the Correction Officers'

conduct. Magistrate Judge Fox carefully parsed the discursive allegations in Headley's <u>pro se</u>

Complaint into legal claims, which he then carefully reviewed and analyzed before issuing the

R&R. Magistrate Judge Fox's analysis is compelling and the Court adopts the structure of the

R&R for the purposes of ruling on the motions to dismiss.[5]

## I.    Claims Against Facility and Individual Defendants

Magistrate Judge Fox identified nine claims in Headley's Complaint and recommended

the dismissal of all claims except the retaliation claims against Simpson and Ellis and the

Fourteenth Amendment Due Process claim against Simpson. (R&R 26-27).

### 1. <u>Water and Ventilation Claim</u>

The Magistrate Judge recommended dismissal of the water and ventilation claim because

Headley failed to allege any facts from which it could be inferred that he suffered actual injury

from the alleged contaminated water and inoperable ventilation system. Applying 42 U.S.C.

§1997e, which states that "[n]o Federal civil action may be brought by a prisoner confined in a

jail, prison, or other correctional facility, for mental or emotional injury suffered while in

---

[5] Magistrate Judge Fox made recommendations on several threshold issues as well as on claims against individual Defendants. Although the Eleventh Amendment would normally bar Headley's claims for money damages against the Correction Officers in their official capacities, Magistrate Judge Fox found that it does not apply here because the claims are made against state officials only in their individual capacities. (R&R at 5). Magistrate Judge Fox refused to convert the motions to dismiss into motions for summary judgment because Defendants failed to satisfy the requirements of Local Rule 56.2 by not providing notice to Headley, a <u>pro se</u> Plaintiff, describing the nature of a summary judgment motion. (R&R at 7-9). Additionally, Magistrate Judge Fox found that, when taken as true for the purposes of a motion to dismiss, Headley's allegations of exhaustion are sufficient. (R&R at 14). Finally, Magistrate Judge Fox denied Defendants' motion to dismiss pursuant to the doctrine of qualified immunity because Defendants failed to meet their burden of demonstrating that their conduct did not violate either: (i) the plaintiff's clearly established rights; or (ii) constitutional rights of which a reasonable correction officer would have known. (R&R at 26); <u>see Iqbal v. Hasty</u>, 490 F.3d 143, 152 (2d Cir. 2007). Defendants did not object to the Magistrate Judge's R&R. The Court finds no clear error with respect to these recommendations and accordingly adopts them.

custody without a prior showing of physical injury," Magistrate Judge Fox found that Headley failed to state a physical injury and recommended dismissal of this claim. (R&R 14-15).

2. <u>Claims Against Fisher</u>

In his Complaint, Headley makes only one mention of Superintendent Brian Fisher: "I brought [the information regarding prison conditions and mistreatment by the Correction Officers] to the Superintendent Fisher . . . ." (Compl. at 9). Magistrate Judge Fox recommended dismissing any and all claims as to Fisher because Headley failed to allege any personal involvement of Fisher in the alleged constitutional violations, a required element of a § 1983 claim against a supervisor. (R&R at 16); <u>see</u> <u>Colon v. Coughlin</u>, 58 F.3d 865, 873 (2d Cir. 1995).

3. <u>Eighth Amendment Claim Against Simpson</u>

Headley claims a violation of his Eighth Amendment rights in Simpson's use of excessive force. Magistrate Judge Fox recommended dismissal of this claim for Headley's failure to allege that Simpson acted with the requisite "wantonness" under the circumstances or that the alleged misconduct involved "unnecessary and wanton infliction of pain" and the use of more than <u>de</u> <u>minimis</u> force. (R&R at 18); <u>see</u> <u>Sims v. Artuz</u>, 230 F.3d 14, 21 (2d Cir. 2000).

4. <u>Conspiracy Claim</u>

Headley makes vague assertions in his Complaint regarding a conspiracy among the Correction Officers to harass and abuse him. Magistrate Judge Fox recommended dismissal of the conspiracy claim because Headley failed to allege any facts from which it could be inferred that two or more defendants agreed to act in concert to inflict an unconstitutional injury upon him. (R&R at 21); <u>see</u> <u>Pangburn v. Culbertson</u>, 200 F.3d 65, 72 (2d Cir. 1999).

5. Misbehavior Report Claim Against Rizzuto

Headley claims that C.O. Rizzuto filed a false misbehavior report against him on or around August 8, 2004. Magistrate Judge Fox recommended that the Court dismiss this claim against Rizzuto because "a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." (R&R at 21) (citing Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997)).

6. Eighth Amendment Claims Against Ellis, Bethea, and Harris

Headley claims that: (a) Ellis slapped him after a strip search on May 21, 2004; (b) Bethea pushed and shoved him during searches; and (c) Harris conducted a rough search of him on June 21, 2004. Magistrate Judge Fox recommended dismissing these claims of Eighth Amendment violations because Headley's claims do not give rise to a claim of excessive force. (R&R at 24). Magistrate Judge Fox concluded that Headley failed to allege facts from which it could be inferred that the conduct of Ellis, Bethea, and Harris was characterized by "wantonness" or that he suffered an "unnecessary or wanton infliction of pain", involving more than a de minimis use of force. (R&R at 24); see Sims, 230 F.3d at 21.

7. Due Process and Retaliation Claims Against Reyes and Barrett

Headley claims that Reyes and Barrett issued misbehavior reports against him when he had done nothing wrong. Magistrate Judge Fox recommended that the Court dismiss the claims against Reyes and Barrett because Headley has no constitutional right to be free from a false misbehavior report and because Headley failed to allege any facts from which it can be inferred that the false misbehavior report was issued in retaliation for Headley's exercise of any protected right. (R&R at 24).

8. Fourteenth Amendment Claim Against Simpson

After the physical altercation in Headley's cell, C.O. Simpson ordered Headley into keep-lock confinement, where Headley claims he remained for sixteen days without meals, a shower, or recreation. Magistrate Judge Fox recommended that Simpson's motion to dismiss this claim be denied because Headley's Due Process claim against Simpson is plausible on its face. Magistrate Judge Fox reasoned that since New York provides procedural due process for each type of segregated confinement, which includes an opportunity to be heard prior to confinement, and because Simpson allegedly locked Headley up without affording him a hearing, Headley's Fourteenth Amendment claim against Simpson survives a motion to dismiss. (R&R at 20).

9. Retaliation Claim

Headley makes general allegations of retaliation involving all of the named Defendants. Magistrate Judge Fox recommended that the Court grant the motion to dismiss for all Defendants except Simpson and Ellis. The Magistrate Judge found that, regarding the retaliation claim against Simpson, Headley sufficiently alleged a causal connection between a constitutionally protected act (filing a grievance against Simpson) and the retaliation (Simpson putting Headley in keep-lock for sixteen days). (R&R at 23). As for the claim against Ellis, Magistrate Judge Fox found that Headley alleged a causal connection between a constitutionally protected act (filing a grievance against Simpson) and the retaliation (Ellis slapping Headley in the face and stating this is what Headley "get[s] for writing up Simpson."). (R&R at 23). As to all other Defendants, Magistrate Judge Fox found that Headley failed to allege facts from which it could be inferred that their actions were taken in retaliation for a constitutionally protected activity or that Headley suffered any harm as a result of the action. (R&R at 23).

In sum, the Magistrate Judge recommended that the February 5, 2007 motion to dismiss be denied with respect to the retaliation claim against Ellis, and granted with respect to all other claims. Additionally, Magistrate Judge Fox recommended that the December 6, 2007 motion to dismiss be denied with respect to both the Fourteenth Amendment Due Process claim and the retaliation claim against Simpson, and granted with respect to all other claims. (R&R at 26-27).

## APPLICABLE LAW

In evaluating the Report and Recommendation of a Magistrate Judge, the District Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to the Magistrate Judge's recommendations, the court is required to review the contested portions <u>de novo</u>. <u>See</u> <u>Pizarro v. Bartlett</u>, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). For uncontested portions of the R&R, the court need only review the face of the record for clear error. <u>See</u> <u>Wilds v. United Parcel Serv.</u>, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

## HEADLEY'S OBJECTIONS

On March 12, 2008, Headley filed objections to the dismissal of: (1) the Eighth Amendment claim against Simpson; (2) the Eighth Amendment claim against Ellis; (3) the conspiracy claim; (4) six of the named Defendants from the suit; and (5) the claims against Fisher. The Court reviews the recommendations of Magistrate Judge Fox on these claims <u>de novo</u>.

### a. Objections to the Eighth Amendment Claims Against Simpson and Ellis

Headley's Eighth Amendment claims against Simpson and Ellis do not give rise to a claim of excessive force. His claims that Simpson grabbed his shoulder, cursed in his face, slapped him twice and pushed him in his cell do not constitute "unnecessary and wanton

infliction of pain." <u>Sims</u>, 230 F.3d at 21. Headley's allegations do not demonstrate that Simpson acted maliciously and sadistically to cause harm rather than in a good faith effort to maintain or restore discipline, after Headley was directed by the sergeant 'to do as [Simpson] said to do.' <u>See</u> <u>Whitley v. Albers</u>, 475 U.S. 312, 106 S. Ct. 1078, 1085 (1986) ("the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm" (internal citations and quotation marks omitted)). Headley's excessive force claim against Simpson cannot be sustained; Simpson's motion to dismiss Headley's Eighth Amendment claim is granted.

Similarly, Headley failed to allege any facts from which it could be inferred that Ellis's conduct was characterized by wantonness, or that Headley suffered any unnecessary and wanton inflicton of pain, involving more than a <u>de</u> <u>minimis</u> use of force. <u>See</u> <u>Sims</u>, 230 F.3d at 21. Headley objects, claiming that Ellis hit him without justifiable reason, but the lack of justification does not elevate a single slap to the level of excessive force under the Eighth Amendment. Ellis's motion to dismiss the Eighth Amendment claim against him is granted.

### b. Objection to the Dismissal of the Conspiracy Claim

Headley objects to the recommended dismissal of the conspiracy claim and urges the Court to draw an inference of conspiracy from the actions of the officers. He argues that "[i]t is convincingly clear that the fact that I was not fed for 16 days shows the elements of a prearrange complicity [sic]." (Plaintiff's Objections ("Pl. Obj.") at ¶ 5). The paucity of facts provided by Headley does not satisfy the pleading requirements for a § 1983 conspiracy claim. <u>See</u> <u>Pangburn</u>, 200 F.3d at 72 ("To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to

act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages.").  As to this objection, the recommendation of Magistrate Judge Fox is adopted and the motion to dismiss the conspiracy claim is granted.

### c.  Objection to the Dismissal of Six of the Defendants[6]

Headley fails to adequately allege constitutional or statutory claims against Bethea, Rizzuto, Harris, Reyes and Barrett, making their dismissal from the suit proper.  Nothing in the Complaint approaches what is necessary to make out an Eighth Amendment claim against any of these Defendants, and Headley's vague and unsubstantiated claims of conspiracy and retaliation likewise fail to satisfy pleading requirements.  See Ostrer v. Aronwald, 567 F.2d 551, 553 (2d Cir. 1977) ("[C]omplaints containing only 'conclusory,' 'vague,' or 'general allegations' of a conspiracy to deprive a person of constitutional rights will be dismissed.").  The Court adopts the R&R on the claims against these Defendants and dismisses them from the suit.

### d.  Objection to the Dismissal of Claims Against Brian Fisher

The only allegation regarding Fisher that Headley makes in his Complaint is that he sent letters to the attention of the superintendent regarding the alleged mistreatment at Sing Sing.  The mere writing of letters to a supervisor, however, is insufficient personal involvement to state a § 1983 claim.  See Hernandez v. Goord, 312 F. Supp. 2d 537, 547 (S.D.N.Y. 2004) (plaintiff had no claim where he merely asserted that supervisor received letters of complaint).  This Court adopts the recommendation of Magistrate Judge Fox and dismisses all claims against Brian Fisher.

---

[6] Headley objects to the "dismiss[al] of six (6) defendants from the suit," (Pl. Obj. at ¶ 6), but does not specify which Defendants he is referring to nor does he actually name six Defendants in the objection.  Magistrate Judge Fox recommended the dismissal of all claims except two against Simpson and one against Ellis, effectively dismissing Fisher, Bethea, Harris, Barrett, Rizzuto, and Reyes from the case. The Court assumes that Headley refers to those six Defendants in this objection.  Further, Headley objects to the dismissal of claims against Brian Fisher in a separate objection, so claims against Fisher will be analyzed in a separate section here as well, even though Fisher is presumed to be one of the six Defendants Headley refers to in the preceding objection.

## CONCLUSION

The R&R issued by Magistrate Judge Fox is adopted in full. Defendants' motions to dismiss the Fourteenth Amendment and retaliation claims against Simpson and the retaliation claim against Ellis are DENIED. The motions to dismiss all other claims as to all other Defendants are GRANTED. The Clerk of the Court is directed to close out this motion. The order of reference to Magistrate Judge Fox shall continue for further dispositive motions.

Dated: New York, New York
       May 7, 2008

SO ORDERED

PAUL A. CROTTY
United States District Judge

Mailed copies to:

Rogelio Headley
#97A7379
Fishkill Correctional Facility
P.O. Box 1245
Beacon, NY 12508

Hon. Kevin Nathaniel Fox
United States Magistrate Judge
United State Courthouse
500 Pearl Street, Room 540
New York, NY 10007-1312

11