```
                                                      USDC SDNY
                                                      DOCUMENT
                                                      ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                          DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                         DATE FILED: June 28, 2010
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
ROGELIO HEADLEY,                                  :
                                                  :
                           Plaintiff,             :   06 Civ. 6331 (PAC) (KNF)
                                                  :
          - against -                             :   ORDER
                                                  :
SUPERINTENDENT BRIAN FISHER,                      :
CORRECTIONAL OFFICER SIMPSON,                     :
CORRECTIONAL OFFICER B. ELLIS,                    :
CORRECTIONAL OFFICER R. BETHEA,                   :
CORRECTIONAL OFFICER T. RIZZUTO,                  :
CORRECTIONAL OFFICER K. HARRIS,                   :
CORRECTIONAL OFFICER R. REYES,                    :
CORRECTIONAL OFFICER K. BARRETT,                  :
                                                  :
                                                  :
                           Defendants.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

HONORABLE PAUL A. CROTTY, United States District Judge:

Pro se Plaintiff, Rogelio Headley ("Headley") brings this action under 42 U.S.C. § 1983 against, among others, Correction Officers Simpson ("Simpson") and Ellis ("Ellis," and, together with Simpson, "the Defendants"). Headley asserted claims for multiple violations of his constitutional and statutory civil rights under 42 U.S.C. § 1983. In an Order dated May 7, 2008, the Court dismissed Headley's claims against all defendants except Simpson and Ellis. (Dkt. #39.) As to Simpson and Ellis, the Court dismissed all of Headley's claims except his: (i) First Amendment retaliation claim against both Simpson and Ellis, and (ii) a Fourteenth Amendment Due Process claim against Simpson. (Dkt. #39.)

The Court referred the case to Magistrate Judge Kevin Nathaniel Fox on August 29, 2006. On October 23, 2009, the Defendants filed a motion for summary judgment

1

under Fed. R. Civ. P. 56.  On April 8, 2010, Magistrate Judge Fox issued a Report and Recommendation ("R&R") recommending that the Court grant Defendants' motion as to the retaliation claim against Officer Simpson but deny Defendant's motion as to all other claims (Dkt. #81.).  Both parties submitted timely objections to the R&R (Dkt. #s 85-86.)  After reviewing the objections of the parties, the Court adopts Judge Fox's R&R in its entirety.  It thus GRANTS the defendants' motion as to the retaliation claim against Officer Simpson but DENIES the motion as to all other claims.

## FACTS[1]

Headley is an inmate at the Sing Sing Correctional Facility ("Sing Sing") in the custody of the New York State Department of Correctional Services ("DOCS").  On April 29, 2004, Headley exited his cell and headed for the bathhouse run, believing his gallery had been called.  Simpson, however, informed Headley that his gallery had not been called and ordered Headley to return to his cell.  Headley refused to return to his cell and called for a sergeant.  Headley alleges that Simpson then grabbed his shirt and dragged him back to his cell, slapping him and yelling profanities.  Headley further alleges that Simpson threatened to punish him if Headley filed a grievance against Simpson.  Headley nevertheless filed a grievance report against Simpson for these actions.  Headley's grievance report was denied.

Following this incident, Simpson filed a misbehavior report against Headley, stating that Headley had been out of place and had disobeyed a direct order to return to his cell. On the evening of April 29, 2004, as a result of the report filed by Simpson, Headley was placed in keep-lock status for 16 days, until May 15, 2004.  Headley alleges that he never received Simpson's misbehavior report and that he was denied an

---

[1] The facts in this section are taken from the R&R.

opportunity to be heard prior to his keep-lock confinement.  It is undisputed that Simpson did not have the authority to place Headley on keep-lock status.

While under keep-lock status, prisoners receive three meals a day and may go to recreation and take showers when permitted.  Headley alleges that, while in keep-lock, he was not offered meals and was denied opportunities to take showers and go to recreation.  Defendants dispute these assertions and point to the Sing Sing Logbook (the "Logbook"), which indicates that Headley was, in fact, offered opportunities for recreation or showers.  See, Reznik Decl. Ex. F. at 320, 343, 374.

On May 22, 2004, Headley filed a second grievance report, this one against Ellis, a female officer.  In this grievance report, Headley alleged that he was strip searched in front of Ellis, who made derogatory comments about his private parts and slapped him in the face.  Headley alleged that Ellis used profanity and said, "that's what you get for writing up C.O. Simpson." See Headley Tr. at 103, Reznik Decl. Ex. B., at 103.   Ellis denies these allegations.

## DISCUSSION

### I.     Standard of Review for a Report and Recommendation

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  When the parties make timely objections to the recommendations of the magistrate judge, the Court must review the contested portions de novo.  Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).   The Court, however, "may adopt those portions of the [R&R] to

3

which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

**II.     Analysis**

**a. Summary Judgment Standard**

Summary judgment is appropriate where "the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).  In evaluating the evidence in a summary judgment motion, all "justifiable inferences" must be made in favor of the nonmoving party.  Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986).  A summary judgment motion will not stand where the evidence would allow a reasonable jury to find for the nonmoving party, thus indicating a "genuine" issue of fact. Id. at 248.

The moving party bears the burden of demonstrating an "absence of evidence to support the nonmoving party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The nonmoving party facing a movant who has carried its burden must do more than simply indicating some "metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The nonmovant must show that a rational fact finder could find for him when taking the record as a whole.  Id. at 587.

Specifically in the context of a pro se plaintiff, the Court should interpret the pleadings liberally and construe them as "'to raise the strongest arguments they suggest.'"  McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999).  However, a pro se plaintiff, like all plaintiffs opposing a summary judgment motion, cannot rely solely upon

the allegations set forth in his complaint. Champion v. Artuz, 76 F.3d 483, 485 (2d. Cir. 1996). The nonmovant must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e).

**b. First Amendment Retaliation Claims**

To state a First Amendment retaliation claim, a plaintiff must show that: (1) the speech or conduct in question is constitutionally protected, (2) the defendant took adverse action, and (3) a causal connection exists between the adverse action and the protected speech or conduct. See Gill v. Pidlypchak, 389 F.3d 379, 380 (2d Cir. 2004).

Headley has stated a prima facia retaliation claim against Ellis but not against Simpson. Headley testified at his deposition that Ellis slapped him and stated "that's what you get for writing up C.O. Simpson." See Headley Tr. at 103, Reznik Decl. Ex. B., at 103. This testimony creates a prima facia retaliation claim against Ellis since Headley alleges that (a) he filed a grievance report (constitutionally-protected speech), and that (b) Ellis abused him (adverse action), (c) because of his grievance report (causal connection). Ellis denies Headley's allegations. Ex. E to Dec. of Inna Renzick, at 16. Thus a genuine issue of material fact exists as to Headley's retaliation claim against Ellis, and the Court denies Ellis' summary judgment motion, as Magistrate Judge Fox recommended.

The Court, however, grants Defendants' motion as to the retaliation claim against Simpson. The adverse action constituting the basis for this claim is either (i) placing Headley in keep-lock in retaliation for filing a grievance, or (ii) filing a misbehavior report against Headley in retaliation for calling for a sergeant when Simpson issued his order. Each of these grounds is insufficient. Simpson cannot be liable for placing Headley in keep-lock since it is undisputed that Simpson lacked the authority to place

5

Headley there. Nor can Simpson be liable for filing a misbehavior report against Headley since it is undisputed that Headley challenged Simpson's direct order and refused to return to his cell. Headley's overt disobedience formed a legitimate basis for Simpson's misbehavior report, and there is thus no causal link between Simpson's grievance report (adverse action) and his call for a sergeant (constitutionally-protected speech).

Headley argues that the temporal proximity between his request to see a sergeant and Simpson's misbehavior report creates a nexus and defeats a summary judgment motion. This, however, is insufficient; a plaintiff must do more than raise a "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586. Accordingly, Magistrate Judge Fox properly recommended granting summary judgment as to Headley's retaliation claim against Simpson.

**c. Fourteenth Amendment Due Process Claims**

To establish a Fourteenth Amendment Due Process claim, a plaintiff must show that: (1) he possessed a liberty interest, and (2) he was deprived of this liberty interest without adequate process. Giano v. Selsky, 238 F.3d 223, 225 (2d Cir. 2001). When a prisoner asserts a due process claim for a violation of liberty rights, courts may consider extraordinary prison conditions, such as special confinement which imposes an "atypical and significant hardship" when compared with "ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995); see also Palmer v. Richards, 364 F.3d 60, 64 (2d Cir. 2004) (stating that courts look for harsher than ordinary prison conditions or longer than ordinary confinement periods in finding liberty due process claims of prisoners).

Defendants argue that Headleys' sixteen-day keep-lock confinement period does not constitute a deprivation of Headley's liberty rights. Defendants may be correct. Headley, however, also alleges that Simpson denied him regular amenities while in keep-lock, i.e., meals, showers, and recreation.

In considering these allegations, the Court recognizes that the "conditions of confinement are a distinct and equally important consideration" in deciding whether a prisoner's punishment amounts to an atypical and significant hardship. Palmer, 364 F.3d at 64. A claim for Due Process violations may stand where the deprivation of amenities took place over a brief time period. Branham v. Meachum, 77 F.3d 626, 629 (2d Cir. 1996) (reversing a Rule 12(b)(6) dismissal of a due process claim where an inmate was deprived of outdoor recreation for 22 days and forced to shower in leg irons). "[U]nder certain circumstances a substantial deprivation of food may well be recognized as being of constitutional dimension." Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983).

Contemporaneous Logbook entries eliminate any genuine issue of material fact that Headley was not deprived of opportunities to shower and go to recreation while under keep-lock status. See e.g., Reznik Decl. Ex. F at pp. 320, 333, 343, 374. Headley testified, however, that during his keep-lock confinement, another inmate provided him with only small amounts of food – not the meals to which he was entitled. See Headley Tr. at pp. 85-86, Reznik Decl. Ex. B. Headley further testified that Simpson warned of the deprivation, establishing a nexus between Simpson and Headley's cause of action. See Reznik Decl. Ex. B, at 76. While this is not the strongest case, it cannot be said that there is no genuine issue of material fact with regard to Headley's claim that he was

7

deprived of his meals during his keep-lock status. Certainly Defendants have produced no evidence that Headley received regular meals.[2]

**d. Eighth Amendment Claim**

In addition to Headley's First and Fourteenth Amendment claims, Magistrate Judge Fox construed Headley's pro se Complaint liberally to also include an Eighth Amendment claim based on the alleged deprivation of amenities while under keep-lock status. (R&R at 11, n.2). The complaints of pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers, especially when the plaintiff asserts a violation of his civil rights. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). The leniency with which courts treat pro se complaints protects litigants who may mistakenly forfeit essential rights simply because they lack a legal education. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006) (remanding case upon finding a new viable claim after the lower court had dismissed pro se litigant's complaint).

In order to state a valid claim for violation of the Eight Amendment, a plaintiff must show "(1) subjectively, that the defendant acted wantonly and in bad faith, and (2) objectively, that the defendant's actions violated contemporary standards of decency." Benitez v. Locastro, 2008 U.S. Dist. LEXIS 109914, at *14 (N.D.N.Y. Sept. 25, 2008). Deliberate and unnecessary withholding of food essential to normal health can violate the Eighth Amendment. Cunningham v. Jones, 567 F.2d 653, 656 (6th Cir. 1977). A plaintiff

---

[2] Defendants also argue that they are immune from liability under the doctrine of qualified immunity, which protects state officials from liability for civil damages involving discretionary actions that do "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Wilson v. Layne, 526 U.S. 603, 609 (1999). The doctrine of qualified immunity, however, is inapplicable. An inmate has a clearly established right not be abused and deprived of regular meals for sixteen days.

may satisfy the objective prong of an Eighth Amendment claim based on food deprivation where the defendants fail to demonstrate that the amount of food provided meets an inmate's nutritional need. Benitez, 2008 U.S. Dist. LEXIS 109914, at *18.

As to the subjective prong of his Eighth Amendment claim, Headley testified that Simpson warned him of the deprivation of amenities. See Reznik Decl. Ex. B, at 76. As to the objective prong of his Eighth Amendment claim, Headley asserts that he was deprived of full meals for sixteen days, resulting in weight loss. See Headley Tr. at pp. 86-87, Reznik Decl. Ex. B. Defendants have failed to demonstrate that they provided sufficient food to meet Headley's nutritional needs. A genuine issue of material fact thus exists whether Headley received sufficient food while under keep-lock status and whether that deprivation was a result of bad-faith on the part of Simpson. Accordingly, the Court adopts Magistrate Judge Fox's recommendation to also include an Eighth Amendment claim.

The Court recognizes that it is first construing Headley's Complaint to include an Eighth Amendment claim at a late stage of this litigation. It thus grants Defendants request to submit supplemental motion papers on the Eighth Amendment claim and adduce additional facts on this claim through limited discovery. See Def. Br., at 10n.1.

## CONCLUSION

The Court adopts Magistrate Judges Fox's R&R in its entirety. Defendants' summary judgment motion is GRANTED regarding the plaintiff's retaliation claim against Officer Simpson, and DENIED in all other respects. The order of reference remains in effect through the submission of the joint pretrial order. Any further submissions shall be transmitted to Magistrate Judge Fox.

Dated: New York, New York
June 28, 2010

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies to:

Magistrate Judge Fox
Rogelio Headley
Inn Reznik, Esq.